**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KENNETH EUGENE FOX, SR.**                                                 **PETITIONER**

**v.**                                                                    **No. 3:14CV53-MPM-JMV**

**WARDEN ARTHUR L. SMITH**                                                  **RESPONDENT**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Kenneth Eugene Fox, Sr. for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Fox has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

The petitioner, Kenneth Fox, is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary in Parchman, Mississippi. On September 2, 2009, Fox entered a guilty plea to two counts of aggravated assault and one count of leaving the scene of an accident in the Circuit Court of Desoto County, Mississippi. On October 16, 2009, for the first count of aggravated assault, Fox was sentenced to serve twenty years in the custody of the Mississippi Department of Corrections ("MDOC"). At the same time, on the second count of aggravated assault, Fox was sentenced to twenty years of post-release supervision, five years reporting and fifteen non-reporting, to run consecutively to the sentences for the other two counts. In addition, for leaving the scene of an accident, Fox was sentenced to serve five years in prison, to be served concurrently with the sentence for the first count of aggravated assault.

On April 4, 2011, Fox filed a "Motion for Post Conviction Relief," signed on March 25, 2011, in the Desoto County Circuit Court. On January 26, 2012, the circuit court denied the motion. Fox appealed the denial to the Mississippi Supreme Court. On April 30, 2013, the Mississippi Court of Appeals affirmed the judgment of the circuit court. *See Fox v. State*, 129 So.3d 208 (Miss.Ct.App. 2013) *reh'g denied,* Sept. 17, 2013; *cert. denied,* Jan. 30, 2014 (Case No. 2012–CP–00238–COA). Fox filed the instant petition for a writ of *habeas corpus* on March 14, 2014. The State moved to dismiss the petition on November 12, 2014. In response, on December 1, 2014, Fox filed a "Motion to Strike" the State's motion to dismiss under Miss. R. Civ. P. 12(f)(2). In that motion, Fox presents several arguments in favor of statutory and equitable tolling of the federal statute of limitations, thus rendering his petition timely filed. As set forth below, however, the arguments are unavailing, and the instant petition for a writ of *habeas corpus* will be dismissed as untimely filed.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

In Mississippi, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. As such, Fox's judgment became final on October 16, 2009. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003). Fox's petition for a writ of *habeas corpus* was thus due in this court by October 16, 2010 (October 16, 2009 + 1 year). Fox's motion for state post-conviction collateral relief was filed on March 25, 2011. As Fox's state motion for post-conviction collateral relief was signed after the one-year time limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, the statute of limitations for his federal petition for a writ of *habeas corpus* was not tolled while the post-conviction motion was pending. *See Grillete v. Warden,* 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As such, the deadline for seeking federal *habeas corpus* relief remained October 16, 2010.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on March 13, 2014, and the date it was received and stamped as "filed" in the district court on March 14, 2014. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 1,244 days after the October 16, 2010, filing deadline.

### Statutory and Equitable Tolling

Fox sets forth several arguments in favor of statutory and equitable tolling, none of which render his petition timely.  First, Fox alleges that he is entitled to further statutory tolling because he filed a motion in the circuit court requesting records and transcripts.  Fox has attached a copy of this motion, signed on July 23, 2010, to his petition.  Fox argues next that, if he is not entitled to statutory tolling for his motion for records and transcripts, the denial of the motion constitutes a "state created impediment as contemplated by 28 U.S.C.A. §2244(d)(1)(B)."  Fox further argues that his first federal *habeas corpus* petition, filed prematurely in Cause No. 2:10CV152-WAP-SAA, should be considered a motion for "other collateral review" as contemplated by 28 U.S.CA. §2244(d)(2), and he should be afforded statutory tolling for the pendency of that petition.  Finally, Fox argues that he should be afforded equitable tolling beginning October 1, 2010, when this court dismissed his previous petition and, in a typographical error, instructed him to proceed in state court "without haste," rather than "with haste" or "without delay."  The court will discuss each of Fox's tolling arguments separately.

**The State Court Motion for Documents**

Fox filed a motion on July 23, 2010, in state court requesting various documents to enable him to prepare his state application for post-conviction collateral relief.  He argues that the motion qualifies as a "motion for State post-conviction or other collateral review" as contemplated by 28 U.S.CA. §2244(d)(2), thus entitling him to statutory tolling while the motion was pending.  However, as the state Circuit Court found, "Fox has not filed a proper motion pursuant to the Post-Conviction Collateral Relief Act, which has withstood summary dismissal under Miss. Code Ann. § 99-39-11(2)."  The state court treated Fox's motion simply as a request for documents, not as a motion seeking collateral relief from his guilty pleas and resulting sentences. The order states, "In said motion, Fox requests, free of charge, voluminous documents pertaining to his case; therefore, the Court will treat this motion as a motion for production of documents." The circuit court noted

that "Fox states that he seeks post-conviction relief" for many of reasons "that can be adduced by the said records and transcripts." *Id.* Fox simply requested that the state court provide him with documents at state expense *in order to prepare* an application for post-conviction relief. The motion seeking documents does not constitute a state motion for post-conviction collateral relief as contemplated by 28 U.S.C.A. §2244(d). Therefore, Fox is not entitled to statutory tolling for the pendency of the motion for documents.

In any event, even if the court were to find that Fox was entitled to statutory tolling for the pendency of this motion, the statute would have been tolled for only ten days (July 26, 2010 through August 5, 2010). This would have moved Fox's federal *habeas corpus* deadline to October 26, 2010 (October 16, 2010 plus 10 days). Fox did not sign his state court post-conviction motion until March 25, 2011, and his federal petition for a writ of *habeas corpus* was not signed until March 13, 2014. Thus, even if the court awarded Fox statutory tolling during the pendency of his motion for records and transcripts, his federal petition for a writ of *habeas corpus* petition would still have been filed over three years beyond the deadline.

**Denial of Documents as a State-Created Impediment**

Fox next argues that the court should consider the state court's denial of the motion for documents a "state created impediment as contemplated by 28 U.S.C.A. § 2244(d)(1)(B)." This section of the statute provides that the federal *habeas corpus* limitations begins to run on "the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action . . . ." 28 U.S.C.A. §2244(d)(1)(B). Fox argues that the state court's refusal to grant his motion for records and transcripts resulted in an impediment to his ability to properly file a state court motion for post-conviction collateral relief. Fox argues that the federal limitations period is currently tolled because the state court still has not provided him with free copies of his records.

First, Fox could – and later did – file motions for state post-conviction relief and federal *habeas corpus* relief, even though his motion for documents had been denied. As the trial judge noted, the State is "not required to furnish documents free of charge absent demonstrated need beyond mere desire to examine proceedings for possible infirmities." Further, the circuit court held that "[c]ertainly, Fox, or someone in his behalf, would be entitled to obtain copies of the requested documents from the Circuit Clerk upon payment of a reasonable fee . . . ." Fox, without free copies of the requested documents, filed: (1) a premature petition for *habeas corpus* relief, *Fox v. Scott*, 2:10CV152-WAP-SAA (N.D. Miss.), which was dismissed without prejudice as unexhausted, (2) a state court post-conviction motion filed some six months after the dismissal of the premature *habeas corpus* petition, and (3) the instant petition for writ of *habeas corpus*. Indeed, Fox attached multiple documents from the state court record to pleadings filed in this court, including his premature *habeas corpus* petition, which was filed on September 7, 2010 – a month before his federal statute of limitations expired. The state court's denial of Fox's request for documents did not impede his ability to file a state court post-conviction motion. He could have filed a state court post-conviction motion, exhausting his claims, then a timely federal petition for a writ of *habeas corpus*. This argument is without substantive merit.

### Federal Petition for a Writ Of *Habeas Corpus* Does Not Toll The Statute of Limitations

Fox next alleges that his first federal petition for a writ of *habeas corpus* should be considered a motion for "other collateral review" under 28 U.S.CA. §2244(d)(2), and he should be afforded statutory tolling for the pendency of that petition. However, the United States Supreme Court has taken the contrary view, holding that "[a]n application for federal *habeas corpus* review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)." *Duncan v. Walker,* 533 U.S. 167, 178, 121 S. Ct. 2120, 2127, 150 L. Ed. 2d 251 (2001). As such, Fox's previously filed federal *habeas corpus*

petition did not toll the AEDPA limitation period.

### Typographical Error in the Court's Opinion as to Fox's Previous *Habeas Corpus* Petition Does Not Constitute a State Impediment

Fox argues that he should be afforded equitable tolling from October 1, 2010, when this court dismissed his previous *habeas corpus* petition and, in a typographical error, instructed him to proceed in state court "without haste," rather than "with haste" or "without delay." The statute of limitations of 28 U.S.C. § 2244(d) is subject to equitable tolling under appropriate circumstances. *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Rashidi v. American President Lines,* 96 F.3d 124, 128 (5th Cir.1996). The Fifth Circuit has emphasized, however, that the "strict one-year limitations period" imposed by Congress for the filing of all *habeas corpus* petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell,* 294 F.3d 674, 684 (5th Cir.2002), *cert. denied,* 538 U.S. 947 (2003). Further, in order to qualify for the benefit of equitable tolling, a petitioner must act with diligence, and a delay of four months has prevented the application of equitable tolling. *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001).

In this case, Fox's premature federal *habeas corpus* petition was dismissed *sua sponte* without prejudice on October 1, 2010, just prior to the expiration of the federal statute of limitations. In its memorandum opinion, the court admonished Fox that he "should, *without haste*, return to state court and exhaust each claim he intends to present in a federal habeas petition. If he does not delay, once he has received a ruling from the Mississippi State Supreme Court, the Petitioner may return to this court and again pursue a federal writ of habeas corpus." ECF doc. 14, pg. 43. In that opinion, the court made clear that, because the petition was dismissed without prejudice, any future petition for a writ of *habeas corpus* would not be considered a successive petition.

Fox argues that the court's typographical error, "without haste" led him to believe that he did not need to act quickly to preserve his opportunity to pursue federal *habeas corpus* relief. This argument is without merit. First, in the very next sentence, the court admonished Fox that he should "not delay" in seeking a ruling from the Mississippi Supreme Court. To the extent that Fox was unsure as to the conflict between "without haste" and "without delay," he could have sought clarification from the court, but he did not. Second, as the court set forth in detail in *Dean v. Wilson*, 4:03CV303-GHD-EMB (N.D. Miss.) (memorandum opinion filed September 30, 2004), the Mississippi Department of Corrections follows a written procedure when an inmate wishes to pursue state post-conviction collateral relief and federal *habeas corpus* relief. As part of that procedure, an inmate may request a packet of information ("Post-Conviction Packet") instructing him on how to pursue state appellate relief, state post-conviction relief, and federal *habeas corpus* relief. The instructions include a summary of how to proceed with a federal *habeas corpus* petition – and include a discussion of how the federal limitations period operates and interacts with state appellate and post-conviction proceedings. Fox has not alleged that the state failed to provide him with the packet; as such, the court finds that he was apprised of the limitations period. In addition, the court's *habeas corpus* form, which Fox used, has a section regarding timeliness. Given the multiple sources of information regarding the federal *habeas corpus* limitations period, the court holds that if Fox was the least bit confused, he was – at the very least – on inquiry notice as to the court's use of the phrase "without haste."

Finally, after the court issued its opinion regarding Fox's previous *habeas corpus* petition, Fox waited 175 days, nearly six months (October 1, 2010, through March 25, 2011), before signing a motion for post-conviction relief in the state court. As a delay of even four months can demonstrate lack of diligence, *Melancon, supra*, Fox's six-month delay prevents this court from applying equitable tolling to the federal *habeas corpus* limitations period, as Fox did not diligently pursue his state remedies. This issue is also

without merit.

## Conclusion

For the reasons set forth above, the instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of January, 2015.

<u>**/s/ MICHAEL P. MILLS**</u>
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**